UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATHAN HAWKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:04CV1269 SNL |
| ) | (TIA) |
| DONALD ROPER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This cause is before the Court on Missouri state prisoner Nathan Hawkin's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed September 17, 2004/Docket No. 2). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On August 16, 1999, Petitioner was convicted by a jury in the Circuit Court of Monroe County, Missouri, of one count of murder in the first degree and one count of armed criminal action. (Resp. Exh. B at 73-74). On September 16, 1999, the circuit court sentenced Petitioner to consecutive terms of life imprisonment without the possibility of probation or parole. (Resp. Exh. B at 79-80). Petitioner appealed the judgment, and on March 20, 2001, Petitioner's conviction and sentence were affirmed on direct appeal by the Missouri Court of Appeals. (Resp. Exh. G). On that same day, the Missouri Court of Appeals issued an order withdrawing the opinion and taking the case under submission. (Resp. Exh. H; State v. Hawkins, 2001 WL 267315 (Mo. Ct. App. 2000)). The Missouri Court of Appeals issued a new opinion on April 3, 2001. (Resp. Exh. H; State v. Hawkins, 58 S.W.3d 12 (Mo. Ct. App. 2000)). The Missouri Court of Appeals denied Petitioner's Motion for Rehearing and/or Transfer to the Supreme Court on May 24, 2001. (Resp. Exh. I; Hawkins, 58

S.W.3d at 12). The Missouri Supreme Court granted transfer on June 26, 2001. (Resp. Exhs. I and J; Hawkins, 58 S.W.3d at 12). After briefing and argument, the Missouri Supreme Court retransferred the case back to the Missouri Court of Appeals on October 23, 2001. (Resp. Exhs. K, L, M, and N). On November 5, 2001, the Missouri Court of Appeals entered an order readopting the opinion of April 3, 2001. (Resp. Exh. O).

On January 17, 2002, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15. (Resp. Exh. R at 3-33). On April 17, 2002, Petitioner's appointed counsel filed an Amended Motion. (Resp. Exh. R at 34-51). The post-conviction relief court dismissed Petitioner's post-conviction motion after an evidentiary hearing on September 23, 2002. (Resp. Exh. R at 52-58). On August 12, 2003, the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief. (Resp. Exh. V; Hawkins v. State, 116 S.W.3d 660 (Mo. Ct. App. 2003)). On September 24, 2003, the Missouri Court of Appeals denied Petitioner's Motion for Rehearing and/or Transfer to the Missouri Supreme Court. (Resp. Exh. W; Hawkins, 116 S.W.3d at 660). On August 30, 2004, Petitioner filed a Motion to Reopen his Post-Conviction Relief Proceeding, and the circuit court denied the motion. The Missouri Court of Appeals affirmed the judgment denying his motion to reopen his post-conviction proceeding on August 30, 2005. (Hawkins v. State, 178 S.W.3d 564 (Mo. Ct. App. 2005)). On October 11, 2005, the Missouri Court of Appeals denied Petitioner's Motion for Rehearing and/or Transfer to the Missouri Supreme Court. (Hawkins, 178 S.W.3d at 564). The Missouri Supreme Court denied Petitioner's Application for Transfer on December 20, 2005. (Hawkins v. State, 178 S.W.3d at 564). Petitioner pursued no other action for review of his convictions and sentence in state court. The instant petition for writ of habeas corpus, signed by Petitioner on September 14, 2004, and received

by this Court on September 17, 2004, was filed September 17, 2004, upon Petitioner being granted leave to proceed in this cause in forma pauperis.

Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri, pursuant to the sentence and judgment of the Circuit Court of Monroe County. In the instant petition for writ of habeas corpus, Petitioner raises eight grounds for relief:

(1) That the trial court plainly erred in giving Instruction Numbers five and six, the verdict directors for murder in the first degree and murder in the second degree, because the instructions failed to conform with MAI-CR3d;

(2) That the trial court erred by overruling Petitioner's motion to suppress evidence, his statements, and objections regarding the seizure of 9mm shell casings and rap lyrics from his trailer during the search;

(3) That the trial court erred in admitting over objection State Exhibit 4, an autopsy photograph of Eric Cooper's head after brain surgery, and State Exhibits 9, 10, 11, 12, 13, and 14, photographs of the interior of the car showing blood splatters and brain matter;

(4) That the trial court erred in overruling Petitioner's objection and in permitting the prosecuting attorney to introduce and read State Exhibits 28 and 29, the rap lyrics found during the search of Petitioner's trailer;

(5) That Petitioner was denied effective assistance of counsel in that trial counsel failed to object to the verdict directors, or alternatively, failed to submit properly drafted verdict directors;

(6) That Petitioner was denied effective assistance of counsel in that trial counsel failed to submit an instruction on voluntary manslaughter inasmuch as the verdict director for murder in the second degree contained a paragraph requiring the jury to find that Petitioner had not acted under the influence of sudden passion arising from adequate cause;

(7) That the Rule 29.15 post-conviction court erred in denying his post-conviction relief because he was denied effective assistance of trial counsel by his failure to object to the verdict directors; and

(8) That the Rule 29.15 post-conviction court erred in denying his post-conviction relief because he was denied effective assistance of trial counsel by his failure

to offer an instruction on involuntary manslaughter.

In response, Respondent contends that Petitioner has exhausted his claims inasmuch as they have been properly raised in the state courts or because Petitioner has no available non-futile state remedies by which he could present these claims.

In response to this Court's Order to Show Cause, Respondent requests the Court to dismiss the instant petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition.

Respondent first asserts that because Petitioner did not file a motion for rehearing or transfer in the Missouri Court of Appeals or a motion in the Missouri Supreme Court to transfer the case to that court, he is not entitled to the ninety-day period for seeking a writ of certiorari in the United States Supreme Court. Respondent argues that Petitioner's failure to seek transfer to the Missouri Supreme Court asking for discretionary review, Petitioner has waived his right to seek certiorari from the United States Supreme Court, and thus his conviction became final when the time for seeking further direct review in the state court expired on November 5, 2001.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgment becomes final, and thus the one-year statute of limitations is triggered by either:

(I) the conclusion of all direct criminal appeals in the State system, followed by either

> the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was never sought, in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). Because Petitioner did not file a petition for writ of certiorari upon the conclusion of his direct appeal in this cause, his state court judgment became final upon the expiration of his time to file such a petition. Id.; see also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). Under United States Supreme Court Rule 13, a petitioner has ninety days from the entry of the judgment sought to be reviewed within which to petition the Supreme Court for a writ of certiorari. A petitioner who fails to seek discretionary review by the state court of last resort, such as Petitioner in the instant case, has ninety days after his conviction was affirmed on direct appeal to seek certiorari. Nichols, 172 F.3d at 1072. Upon consideration of Smith and Supreme Court Rule 13, the Eighth Circuit opined "with certainty" that such a petitioner's "judgment [becomes] final within the meaning of § 2244(d)(1)(A) no earlier than ... exactly 90 days after his conviction was affirmed on direct appeal." Id. at 1072. In the instant cause, Petitioner's conviction was affirmed on direct appeal on November 5, 2001. Petitioner had ninety days thereafter in which to file a petition for a writ of certiorari with the United States Supreme Court. Petitioner did not seek certiorari in this cause, thus his state court judgment became final on February 4, 2002, ninety days after his conviction was affirmed on direct appeal. Nichols, 172 F.3d at 1072; Smith, 159 F.3d at 348. As such, the one-year period within which Petitioner had to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 commenced February 4, 2002.

Under 28 U.S.C. § 2244(d)(2), however, the one-year limitation period for filing a habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-

conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial in addition to the time during the appeal process, including such time during which Petitioner could seek further appellate review. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002).

Petitioner filed a motion for post-conviction relief on January 17, 2002, thereby triggering the tolling provision of § 2244(d)(2). All appellate review of the motion ended on September 24, 2003, when the Missouri Court of Appeals denied his Motion for Rehearing/Transfer to Supreme Court, thereby ending the tolling of the one-year limitations period. Williams, 299 F.3d at 983; see also Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (time to seek certiorari after post-conviction review is not tolled). The limitations period in this cause was tolled from January 17, 2002, through September 24, 2003. Petitioner signed the instant petition on September 14, 2004,[1] 355 days after the conclusion of appellate review of his post-conviction motion. On the record before the Court, therefore, it appears that the instant petition was timely filed under 28 U.S.C. § 2244(d). Because Respondent declined to address the merits in the Response to Order to Show Cause, the undersigned will direct the Respondent to submit as additional Response addressing the merits of Petitioner's claims along with any additional necessary exhibits.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent shall file an additional Response addressing the

---

[1] The "prison mailbox rule" provides for habeas petitions to be effectively filed the date upon which the petition is delivered to prison authorities for mailing to the clerk of the court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). Absent evidence to the contrary, the date upon which Petitioner signed the petition is sufficient indicia of the date upon which Petitioner delivered the petition to prison authorities. Accordingly, the undersigned considers the instant petition to have been filed September 14, 2004, the date on which such petition was verified by Petitioner.

merits of the claims asserted in Petitioner Nathan Hawkin's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed September 17, 2004/Docket No. 2) no later than April 18, 2007.

**IT IS FURTHER ORDERED** that in the event Petitioner chooses to file an additional Traverse that he do so within sixty days from the date Respondent files an additional Response to the Order to Show Cause; failure to file an additional Traverse within this period may waive the right to file an additional Traverse.

Dated this  22nd  day of February, 2007.

                                          /s/ Terry I. Adelman
                                          UNITED STATES MAGISTRATE JUDGE